# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CORPS OF ENGINEERS/PACIFIC
    OCEAN,

             Appellants,[1]

        v.

DEPARTMENT OF THE ARMY,

             Agency.

DOCKET NUMBER
SF-0752-14-0290-I-1

DATE: May 18, 2016

Appellants, pro se.

Donna Wright, Fort Shafter, Hawaii, for the agency.

Kyle B. Davis, Joint Base Elmendorf-Richardson, Alaska, for the
    agency.

Stephan C. Roth, Esquire, New Orleans, Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER

¶1      The agency's U.S. Army Corps of Engineers petitions for review of an initial decision that reversed the agency's actions furloughing the appellants.[2]

---

[1] The appellants that are included in this consolidation are set forth in Appendix A of this order.

[2] One of the appellants, Kimberly Tripp, filed a pleading that was labeled a cross petition for review. *See Tripp v. Department of the Army*, MSPB Docket No. SF-0752-13-0998-I-1, Petition for Review File, Tab 1. However, based upon the

The two Board members cannot agree on the disposition of the petition for review. Specifically, the Board members cannot agree on the application of the recent decision by the U.S. Court of Appeals for the Federal Circuit in *Steffen v. Department of the Army*, No. 2015‑3205, 2016 WL 692213 (Fed. Cir. Feb. 22, 2016), which was issued after the administrative judge's initial decision in the instant action. Therefore, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(d).

¶2    Based on the initial decision, which now becomes the final decision of the Board, the parties' obligations are set out below:

¶3    The agency must cancel the appellants' furloughs effective July 8, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶4    The agency must pay the appellants the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. The appellants must cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out its obligations. If there is a dispute about the amount of back pay, interest due, and/or other benefits, the

nature of the pleading, we have construed the filing as a response to the agency's petition for review. In addition, an agency employee not included in this consolidation filed a request to submit an amicus brief in support of the appellants, but we deny the request; we find that the brief will not contribute materially to the proper disposition of the proceedings. *See* 5 C.F.R. § 1201.34(e)(3).

agency must pay the appellants the undisputed amount no later than 60 calendar days after the date of this decision.

¶5     The agency must tell each of the appellants promptly in writing when it believes it has fully carried out its obligations and of the actions it took to carry out its obligations.  The appellants, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶6     No later than 30 days after the agency tells an appellant that it has fully carried out its obligations, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out its obligations.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out its obligations, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶7     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency must timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANTS REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees

WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANTS REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of the final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

# APPENDIX A

## CORPS OF ENGINEERS/PACIFIC OCEAN
### SF-0752-14-0290-I-1

| | |
|---|---|
| Andrew J. Hirano | SF-0752-13-1827-I-1 |
| Beth Astley | SF-0752-13-4633-I-1 |
| Cheryl L. Hiraoka | SF-0752-13-2345-I-1 |
| Christopher L. Morgan | SF-0752-13-4723-I-1 |
| George J. Newman | SF-0752-13-4290-I-1 |
| Ivonne E. Drake | SF-0752-13-2717-I-1 |
| Jay Klaassen | SF-0752-13-4785-I-1 |
| Jodi M. Yamamoto | SF-0752-13-1640-I-1 |
| Kenneth Andraschko | SF-0752-13-4204-I-1 |
| Kimberly D. Tripp | SF-0752-13-0998-I-1 |
| Michelle R. Mandel | SF-0752-13-1069-I-1 |
| Patrick J. Zettler | SF-0752-13-0774-I-1 |
| Riki Iwasaki | SF-0752-13-3335-I-1 |
| Robert Hazlett | SF-0752-13-1452-I-1 |
| Thomas M. Taam | SF-0752-13-2087-I-1 |